CRAGUN v. SECOND DISTRICT COURT IN AND FOR WEBER COUNTY et al.

No. 5499. Decided March 16, 1934. (30 P. [2d] 205.)

*Royal J. Douglas,* of Ogden, for plaintiff.

*Wade M. Johnson,* of Ogden, and *Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for defendants.

MOFFAT, Justice.

This is an original proceeding by Wiley M. Cragun, herein referred to as plaintiff, unless otherwise indicated, for a writ of prohibition to prevent the district court of the Second judicial district of the state of Utah in and for Weber county from dismissing an appeal taken from a decision or order of the department of registration of the state of Utah.

The court has indicated by order duly entered that it intends to render a judgment dismissing plaintiff's appeal from the decision of the department of registration revoking his license to practice medicine in the state of Utah.

The following is a resume of the history of the proceedings one way or another affecting the case covering a period since March, 1930, and about which there appears to be no dispute. It appears that the plaintiff was from the 6th day of July, 1911, until the order of revocation of the department of reg-

istration, entered on March 6, 1930, duly licensed to practice as a physician and surgeon in the state of Utah. On the latter date the director of the department of registration made an order revoking the license of the plaintiff to practice medicine and surgery.

After a hearing and entering an order by the department of registration, and within time, plaintiff appealed to the district Court of Salt Lake county. Notice of appeal and undertaking on appeal were duly filed, and costs were paid. The department of registration refused to transmit the records and files to the district court of Salt Lake county. Application was made to the district court for an alternative writ of mandamus to compel the department of registration to transmit the records and files in the cause to the court. The department of registration filed a demurrer to the petition. After holding the matter under advisement for some time, the court sustained the demurrer of the department to the application for the writ of mandamus. While the matter was being held under advisement by the district court, plaintiff appealed direct to the Supreme Court of Utah from the same order of revocation made by the department of registration. The case was entitled *Harrison* v. *Cragun* and is reported in 78 Utah 445, 3 P. (2d) 1092. It was there held that an appeal from an order of the department of registration revoking the license of a physician and surgeon duly licensed to practice medicine and surgery in Utah must be first taken to the district court. That appeal to the Supreme Court was dismissed on authority of the case of *Baker* v. *Department of Registration* (October 2, 1931) 78 Utah 424, 3 P. (2d) 1082, 1089.

After the dismissal of the appeal in the case of *Harrison* v. *Cragun,* supra, the plaintiff, Cragun, then perfected an appeal from the same order of revocation to the district court of Weber county, Utah. This appeal was subsequently dismissed, it is suggested, upon the ground that it was not perfected within thirty days after the entry of the order of revocation. The decision of the district court of the Second

judicial district holding that the appeal was not perfected in time was no doubt based upon the decision in the case of *Baker* v. *Department of Registration,* supra, holding that, "In an appeal from the department of registration to the district court, the procedure and practice prescribed by law for appeals in civil cases from final judgments of a justice of the peace to the district court in so far as such procedure * * * is applicable," is applicable to appeals from decisions of the department of registration.

It then appears from the record that the scene of activity shifted back to the original appeal taken to the Third district court. The record shows that on the 24th day of April, 1933, a notice was served by counsel for plaintiff, Cragun, upon counsel for the department of registration, service of which is admitted; that demurrer interposed had, on that day, been overruled. There then appears a stipulation signed by counsel for the respective parties whereby it is stipulated that "notwithstanding any deficiency in the methods of procedure that may have arisen prior to the decision in the case of *Baker* v. *Department of Registration,* 78 Utah 424, 3 P. (2d) 1082, in which the Supreme Court of the State of Utah defined the method of procedure in appeals from the Department of Registration." And that: "It appearing that notice of appeal and bond was served and filed and the filing fee paid within the statutory period for taking appeals from an inferior court to the district court for trials de novo; that thereafter the Supreme Court of the State of Utah in *Baker* v. *Department of Registration,* 78 Utah 424, 3 P. (2d) 1082, announced the rules of procedure covering appeals from the Department of Registration and stated that said appeals shall be taken to the District Court of the county in which the alleged offense was committed, therefore this stipulation is entered into to move said cause to the District Court of Weber County, State of Utah, for trial de novo."

In pursuance of this stipulation the appeal was, by order of the district court of Salt Lake county, transferred to the district court of Weber county, Utah. The plaintiff here,

defendant in that action, then filed a demurrer to the complaint filed against him before the department of registration. This demurrer was sustained by the district court of Weber county and upon allowance by the court an amended complaint was filed on behalf of the department of registration. A demurrer was then filed by plaintiff here, defendant there, to the amended complaint. This demurrer was overruled and defendant, there granted ten days after notice within which to serve and file his answer. No notice of the decision of the trial court concerning the ruling on the demurrer to the amended complaint has been served upon defendant or his attorney setting in motion the running of the time allowed by the court within which the defendant must answer, and therefore the case is not yet at issue.

While the case thus stands, one of the defendants here, Hon. E. E. Pratt, as judge of the district court of the Second judicial district of the state of Utah for Weber county, of his own motion entered an order directed to the parties to the action, notifying them that on October 9, 1933, "the court will on its own motion call up the * * * matter for dismissal on the grounds that the court has no jurisdiction to hear the appeal from the decision of the State Department of Registration."

Plaintiff here filed answer to the order to show cause. A hearing was had thereon. The court upon the hearing entered the following order: "It is ordered that hearing on the court's motion to dismiss appeal, as heretofore set for this day, be and the same is hereby continued to Monday, October 30, 1933, at which time the court will make an order dismissing the appeal, and will not entertain any more arguments or evidence against such an order."

Thereupon an application for a writ of prohibition was filed in this court and an alternative writ of prohibition issued. An answer to the alternative writ was filed on behalf of the court and a demurrer on behalf of the department of registration. The answer filed by and on behalf of the court recites the proceedings taken and had substantially

as above set forth. The demurrer by and on behalf of the department of registration is general.

The only question before this court and the only one upon which the trial court had any question is whether or not the district court of the Second judicial district of the state of Utah in and for Weber county has jurisdiction of the cause. If so, the alternative writ should be made permanent; if not, the alternative writ should be recalled and the trial court permitted to proceed.

We think the writ should be made permanent. Counsel for the department of registration did not argue the question of jurisdiction, but only the question as to whether the plaintiff here had selected the right remedy. An examination of the record makes the matter clear that any remedy that may exist other than the remedy by writ of prohibition is not adequate.

The question of jurisdiction of district courts to hear and determine the issues raised concerning the issuing, refusing to issue, revoking or refusing to revoke, a license of a physician and surgeon and the procedure applicable thereto was fully discussed and prescribed in the case of *Baker* v. *Department of Registration,* supra. In that case, at page 439 of 78 Utah, 3 P. (2d) 1082, 1089, the court said:

"In harmony with these provisions of our statutes, an appeal from a judgment or order of the director of the department of registration revoking or refusing to revoke a license of a physician and surgeon shall, until otherwise provided by law, be to the district court of the county where the defendant resides or to the county wherein the accused is alleged to have committed the act or one of the acts of unprofessional conduct charged, subject, however, to the right to a change of venue as by law provided in civil cases."

If the district court construed the above language to mean that unless the appeal was taken direct to the district court of the county "where the defendant resides or to the county wherein the accused is alleged to have committed the act or one of the acts of unprofessional conduct charged," and that jurisdiction could not vest in any other district

court, such construction is not and we think could not be supported.

District courts are courts of general jurisdiction. Should a party aggrieved by a decision of the director of the department of registration make a mistake by taking his appeal to the wrong county, such mistake would not deprive the district court of jurisdiction of the cause. Clearly the district court has jurisdiction of the subject-matter and by the act of appealing to the court and filing his appeal therein, especially in cases calling for a trial de novo, the aggrieved party submits himself to the jurisdiction of the court. So in the instant case when the appeal was properly perfected to the district court of Salt Lake county, and the stipulation and admissions of the parties concedes that matter, the district court of Salt Lake county had jurisdiction of the cause to hear and determine it subject to the right to a change of venue as provided by law. The change of venue was made as provided by law from the district court of Salt Lake county to the district court of Weber county.

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may nevertheless be tried therein, unless the defendant at the time he answers or demurs files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." R. S. Utah 1933, 104-4-8.

And:

"The court may, on motion, change the place of trial in the following cases: * * *

"When all the parties to an action, by stipulation or by consent in open court entered in the minutes, agree that the place of trial may be changed to another county. Thereupon the court must order the change as agreed upon." R. S. Utah 1933, 104-4-9, Subsec. 5.

The alternative writ of prohibition heretofore issued is made permanent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.